EPTING *et al.* v. GREEN *et al.*

ATKINSON, J.   James J. Murray died testate in 1896.   By the second item of his will he devised certain land to four of the children of his son, John L. Murray, and appointed John L. Murray trustee. for them. By the third item he devised described land to five named children of his son, Mirabeau G. Murray, who was appointed trustee for his children.   By item four he devised described land in fee to his daughter, Nancy K. Epting.   Item five was as follows: "I give, grant, and bequeath to my daughter Mary E. Murray, for. her own use, benefit, and behoof, for and during her natural life, one hundred and thirty-nine and one third acres of land through the middle of lots two hundred and thirty-six and two hundred and forty-five; that is to say, sixty-nine and two-third acres off of each lot.   After the death of the said Mary E. Murray, the said land is to revert to my estate, or to such of my heirs named in this will (share and share alike) as may be living at the time of her death."   By item six he devised described land to his granddaughter, Nannie Lee Murray.   This item also contained the language:   "Should the said Nannie Lee Murray die childless, the said tracts or parcels of land are to revert to my estate, or to such of my heirs at-law named in this will (share and share alike) as may be living at the time of her death."   By item seven he devised to named children of his deceased son described land.   By item eight testator's sons, John L. Murray and Mirabeau Murray, and his daughter, Nancy

K. Epting, were named as executors of the will. Construing the will according to the intention of the testator, as exhibited from a consideration of the whole instrument, *held:*

1. Upon the death of the life-tenant named in the fifth item of the will, the land therein devised went to the other devisees named in the will who were living at the death of such life-tenant, share and share alike. And the trial judge did not err in so holding, upon an agreed statement of facts, in a proceeding brought, after the death of such life-tenant, to partition the land described in the fifth item of the will.

2. John L. Murray and Mirabeau Murray, the two sons of the testator who were living at the death of the life-tenant, were not devisees under the will, and took no interest in the land devised in the fifth item of the instrument.  *Judgment affirmed. All the Justices concur.*
SEPTEMBER 24, 1912.

Partition. Before Judge Felton. Houston superior court. May 22, 1911.

*Miller & Jones* and *O. C. Hancock,* for plaintiffs in error.
*A. C. Riley,* contra.